UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS.

CIVIL ACTION NO: ______________

**KARLET WATSON**
***Plaintiff***

**v.**

**NEWTON WELLESLEY HOSPITAL**
***Defendant***

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action under 42 U.S.C. section 1981 for unlawful discrimination based upon race, and unlawful retaliation based upon race. This action is brought by Plaintiff Karlet Watson, a Black Caribbean-American female, who worked for Defendant Newton Wellesley Hospital until the termination of her employment on April 15, 2022.

**JURISDICTION AND VENUE**

2. Jurisdiction over this matter lies in this Court pursuant to 28 U.S.C. §1343.

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Newton, Middlesex County, Massachusetts. On information and belief, the employment records related to Plaintiff's employment with Defendant are also located within Newton, Middlesex County, Massachusetts.

## THE PARTIES

4. Plaintiff Karlet Watson is a resident of Brockton, Plymouth County, Massachusetts. She is a citizen of the United States. Her race is Black. She is a 65 year old Caribbean-American female. At all times relevant to this complaint, she has been a Certified Nursing Assistant.

5. Defendant Newton-Wellesley Hospital ("Newton-Wellesley") is a Massachusetts hospital with a principal place of business in Newton, Middlesex County, Massachusetts.

6. At all times relevant to this Complaint, Newton Wellesley was Plaintiff's employer.

7. At all times relevant to this Complaint, Plaintiff performed her job in at least a satisfactory manner.

## FACTUAL BACKGROUND

8. On November 18, 2013, Plaintiff commenced work for Newton-Wellesley as a Patient Care Assistant, working to assist nurses at Newton-Wellesley.

9. In 2020, after the death of George Floyd, Ms. Watson wore a "Black Lives Matter" pin at work. Ms. Watson was ordered to take the pin off. Employees on other floors of the hospital often wore pins and insignia at work.

10. Prior to October 2021, Ms. Watson had frequently worked a substantial number of overtime hours on her floor at the hospital. In October 2021, Ms. Watson was told she was working too much overtime, and was limited to working substantially fewer overtime hours than she had worked previously. Other Patient Care Assistants on her floor were allowed to work substantial overtime hours on other floors, but at the instruction of Ms. Watson's supervisor, Ms. Watson was not allowed to do that.

11. During her years working at Newton-Wellesley Ms. Watson had a variety of serious medical conditions. Ms. Watson's supervisor was aware of these medical conditions, but would not keep

them confidential, and would speak of them to Ms. Watson's coworkers.

12. In 2022, as in prior years, Ms. Watson worked on the Geriatric Floor at the hospital.

13. Ms. Watson would regularly complain to her supervisor that she was being treated unfairly. Ms. Watson was treated differently and less favorably than her coworkers who were Patient Care Assistants. On several of the occasions when Ms. Watson complained to her supervisor of being treated unfairly, Ms. Watson said to her supervisor that she was being treated unfairly due to her race.

14. Ms. Watson was often unfairly criticized by her supervisors.

15. Many Black Patient Care Assistants in different units at the hospital in addition to Ms. Watson, were fired.

16. By Spring 2022 the unfair treatment, retaliation and discrimination to which Ms. Watson was subjected was having a negative impact on her physical and mental health.

17. On March 18, 2022 Ms. Watson went on approved medical leave from her job with Newton-Wellesley until April 15, 2022. Ms. Watson's doctor's note stated that Ms. Watson needed this leave "for anxiety and stress related to work."

18. Starting on April 15, 2022 Ms. Watson tried to return to work at Newton-Wellesley but Newton-Wellesley refused to allow her to return to her position as a Patient Care Assistant on the Geriatric Floor, and would not allow her to come to work in vacant positions elsewhere at the hospital, effectively terminating Ms. Watson's employment with Newton-Wellesley.

19. Ms. Watson's employment was terminated by Newton-Wellesley due to her race, Black. But for Ms. Watson's race, her employment would not have been terminated.

20. Ms. Watson's employment was terminated by Newton-Wellesley in retaliation against Ms. Watson because of her complaints of racial discrimination. But for Ms. Watson's complaints of

unfair treatment due to her race, her employment would not have been terminated.

21. The actions taken against Ms. Watson violate 42 U.S.C. §1981. Ms. Watson was subjected to racial discrimination and illegal retaliation. She has suffered and will continue to suffer financial damages and emotional distress due to these actions of Newton-Wellesley. Newton-Wellesley is fully responsible and liable for the illegal actions of its managers and supervisors which have caused Ms. Watson harm.

22. The actions for which Newton-Wellesley is responsible, constitute illegal discrimination on the basis of race, and illegal retaliation for complaining of racial discrimination, all in violation of 42 U.S.C. section 1981. These actions for which Newton-Wellesley is responsible, were knowing, intentional and willful.

**COUNT I**
**AGAINST DEFENDANT NEWTON-WELLESLEY FOR DISCRIMINATION ON THE BASIS OF RACE, IN VIOLATION OF 42 U.S.C. 1981**

23. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-22 above.

24. By its actions set forth above, and by the actions of its supervisors and managers for which it is responsible, Defendant Newton-Wellesley has engaged in racial discrimination against Ms. Watson, in violation of 42 U.S.C. section 1981.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant, Newton-Wellesley, in an amount to be determined by this Court, including monies to compensate her for lost back pay and benefits, lost future pay and benefits, injury to her career, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

**COUNT II**
**AGAINST DEFENDANT NEWTON-WELLESLEY FOR RETALIATION, IN VIOLATION OF 42 U.S.C. 1981**

25. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-24 above.

26. By its actions set forth above, and by the actions of its supervisors and managers for which it is responsible, Defendant Newton-Wellesley has engaged in illegal retaliation against Ms. Watson for complaining of racial discrimination, in violation of 42 U.S.C. section 1981.

WHEREFORE, Plaintiff demands that this Court enter Judgment in her favor and against Defendant, Newton-Wellesley, in an amount to be determined by this Court, including monies to compensate her for lost back pay and benefits, lost future pay and benefits, injury to her career, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted,
KARLET WATSON
By her Attorney,
/s/ Mitchell J. Notis

Mitchell J. Notis, BBO # 374360
LAW OFFICES OF MITCHELL J. NOTIS
27 HARVARD STREET
Brookline, MA 02445
Tel.: 617-487-8677
mitchnotis@aol.com